**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MOHAMMED BIKRAMUDDIN; et al., | No.    14-72864 |
| Petitioners, | Agency Nos.    A098-458-017 |
| v. | A098-458-018 |
| | A098-458-019 |
| WILLIAM P. BARR, Attorney General, | |
| | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 4, 2020[**]
San Francisco, California

Before:  THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

Mohammed Bikramuddin,[1] a citizen of Bangladesh, petitions for review of

the Board of Immigration Appeals' order affirming the Immigration Judge's order

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[1] Bikramuddin's wife, Husneara, and son, Tarik Hassan, are derivative beneficiaries of Bikramuddin's asylum claims.

denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review. Because the parties are familiar with the facts we need not recount them here. We review adverse credibility determinations for substantial evidence, *see Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir. 2001), and we conclude that substantial evidence supports the finding that Bikramuddin was not credible.[2]

Bikramuddin was found not credible based on significant, material omissions that went to the heart of his claim for asylum based on political opinion. *See Li v. Ashcroft*, 378 F.3d 959, 964 (9th Cir. 2004). Bikramuddin omitted any mention of his political campaign in his initial asylum application, and he did not testify to threatening and politically-motivated events that apparently occurred at his home that were included in his application. Given this adverse credibility finding and absence of other evidence in the record supporting his claim of persecution based on his political opinion, we deny the petition for review of his claims for asylum and withholding of removal. *See* 8 C.F.R. § 1208.13(b)(2); *see also Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

**PETITION DENIED.**

---

[2] Because Bikramuddin filed his petition before May of 2005, the provisions of the REAL ID Act do not apply. *See* Real ID Act, Pub. L. 109-13, 119 Stat. 302 (2005).